IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JAMES E. RICKS, JR.,
ADC #116011                                                                                   PLAINTIFF

v.                                             5:08CV00055HLJ

ED ADAMS, et al.                                                                         DEFENDANTS

## MEMORANDUM AND ORDER

### I. Introduction

This matter is before the Court on the defendants' motion for summary judgment (DE #51). Plaintiff has filed responses in opposition to the motion (DE ##64, 65).

Plaintiff, a state inmate incarcerated at the Wrightsville Unit of the Arkansas Department of Correction (ADC), filed this action pursuant to 42 U.S.C. § 1983 against defendants, alleging excessive force and deliberate indifference to his serious medical needs with respect to an incident which occurred while plaintiff was housed in the W.C. "Dub" Brassell Detention Center in February, 2008. Specifically, plaintiff alleges defendant King used excessive force when he sprayed plaintiff with pepper spray, and defendants Hurst, Randle and Royal unconstitutionally denied him adequate medical care and treatment following the incident. Plaintiff asks for monetary relief from defendants.

According to plaintiff's complaint, on February 5, 2008, defendant King initiated horse play with inmates and when plaintiff declined to participate and stepped away from King, King acted aggressively and placed plaintiff in a wristlock and then sprayed the plaintiff in the face with pepper spray. As a result, plaintiff alleges he suffered severe burning in his eyes, nose and mouth and damage to his eyesight. Plaintiff states while defendant Hurst, a non-medical Jail employee, initially looked at plaintiff's eyes and pronounced them fine and provided plaintiff with eye drops, he later ignored all

1

plaintiff's requests for medical aid and to be examined by an outside physician. In addition, plaintiff alleges defendant Hurst destroyed many of the documents in plaintiff's medical file which would help to support a claim against him. With respect to Nurses Randle and Royal, plaintiff alleges they prolonged his medical care and treatment and provided inadequate medical care.

## II.  Defendants' Summary Judgment Motion

### A.  Excessive Force - King

Defendant King disputes plaintiff's recitation of the facts surrounding the incident which occurred, and claims he used pepper spray on plaintiff after plaintiff yelled at him, refused to return to his cell, and pushed King away when King attempted to assist him back to his cell. King states no genuine issues of fact exist concerning the reasonableness of his actions and the necessity to use force to restore order and safety. Defendant King also states he is protected from liability by qualified immunity.

### B.  Plaintiff's Response

Plaintiff disagrees completely with defendant's recitation of the facts and claims defendant acted aggressively and unreasonably toward plaintiff.

### C.  Deliberate Indifference - Hurst, Randle, Royal

Defendants state plaintiff can not show deliberate indifference to a serious medical need to support his claims against them. Defendants Randle and Royal state plaintiff does not make any specific allegations against them, other than to say they did not provide him with adequate medical treatment. In support, defendants submt copies of grievances filed by plaintiff for several months after the incident, which show that plaintiff was provided with examinations and medications pursuant to his complaints (DE #52, Ex. 5). All three defendants further state plaintiff can not establish that the medical

condition he suffered after the spraying was a serious one, and provides no evidence to show his eyesight or headache problems were caused by the pepper spray, as opposed to allergies or sinus problems.

D.  Plaintiff's Response

In his response, plaintiff states defendant Hurst failed to provide plaintiff with a physician to provide him proper medical care and treatment and that defendants Randle and Royal "have a history" of not providing proper care.  Plaintiff states he approached defendant Royal on the day after the incident occurred and asked for medical care, and defendant told him to submit a sick call request.  When he told her he already did, she stated she would check on it.  Plaintiff states that even after he received medications in April, 2008, his condition did not improve.

E.  Standard of Review

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial."  Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit."  Id.

Plaintiff was incarcerated in February, 2008 as a pretrial detainee, and therefore, his allegations concerning unconstitutional conditions of confinement are analyzed under the due process clause of the Fifth and Fourteenth Amendments. <u>Johnson-El v. Schoemehl</u>, 878 F.2d 1043, 1048 (8th Cir. 1989). In cases such as this where a detainee alleges excessive force, the Eighth Circuit seems to apply the Fourth Amendment standard of "objective reasonableness." <u>See</u> <u>Moore v. Novak</u>, 146 F.3d 531 (1998), and <u>Wilson v. Spain</u>, 209 F.3d 713 (2000). With respect to plaintiff's allegations of unconstitutional medical care and treatment, the courts apply the same standard as applied through the Eighth Amendment; that is, deliberate indifference to serious medical needs. <u>See</u> <u>Whitnack v., Douglas County</u>, 16 F.3d 954, 957 (8th Cir. 1994).

<u>F.  Analysis</u>

1) The Court finds that a sufficient dispute of fact exists concerning the facts surrounding the incident at issue, to render summary judgment improper with respect to plaintiff's excessive force claim against defendant King. Plaintiff's version differs markedly from that of the defendant's, and in light of such, the Court also can not render a determination concerning defendant's claim to qualified immunity. Therefore, the Court will deny the motion with respect to plaintiff's excessive force claim against defendant King

2) With respect to plaintiff's allegation of deliberate indifference to serious medical needs by defendant Hurst, the Court also finds a sufficient dispute of fact to render summary judgment improper. Plaintiff alleges he attempted to obtain medical care by way of complaints and grievances to defendant Hurst and did not receive such until April, 2008. Defendant Hurst has not provided the Court with an affidavit or other evidence to support his defense to these allegations, and therefore, summary judgment is not appropriate.

However, the Court does find that summary judgment is appropriate with respect to plaintiff's allegations against defendants Randle and Royal. Plaintiff makes blanket allegations against them concerning prolonged and inadequate medical care, but does not specifically allege he requested care from them and was denied such. He makes no specific allegation against defendant Randle, and his only allegation against defendant Royal is that he asked for medical treatment and she instructed him to file a sick call request form. He does not allege that Royal was deliberately indifferent to any serious medical needs by denying him needed medical care and treatment. In addition, the records provided to the Court which demonstrate Randle's and Royal's responses to plaintiff's medical grievances further support a finding in favor of these two defendants on plaintiff's claim against them. "In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." Dulany, supra, 132 F.3d at 1240.

Therefore, as a matter of law, the Court finds defendants Randle and Royal are entitled to summary judgment in this case. Accordingly,

IT IS, THEREFORE, ORDERED that defendants' motion for summary judgment (DE #51) is hereby GRANTED in part with respect to plaintiff's allegations against defendants Randle and Royal, and DENIED with respect to plaintiff's allegations against defendants King and Hurst.

IT IS FURTHER ORDERED that defendants Randle and Royal are hereby DISMISSED from plaintiff's complaint.

IT IS SO ORDERED this 27th day of February, 2009.

                                                  */s/ Henry L. Jones, Jr.*
                                                  United States Magistrate Judge