IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JAMES E. RICKS, JR.,
ADC #106011                                                                                    PLAINTIFF

v.                                              5:08CV00055HLJ

ED ADAMS, et al.                                                                              DEFENDANTS

MEMORANDUM AND ORDER

This matter is before the Court on the summary judgment motion filed by defendant Mike Hurst (DE #109).[1] Plaintiff filed a response to the motion (DE #113), and defendant filed a reply (DE #114). Subsequently, both parties filed additional responses (DE ##117-120).

Plaintiff is a state inmate incarcerated at the Pine Bluff Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983 against defendants, alleging excessive force and deliberate indifference to his serious medical needs with respect to an incident which occurred while plaintiff was housed in the W.C. "Dub" Brassell Detention Center in February, 2008. His allegations against defendant Hurst are that he failed to adequately investigate an incident in which plaintiff was sprayed with pepper spray by defendant King, and that he denied plaintiff adequate medical care and treatment following the incident.

In his motion for summary judgment, defendant Hurst first states that plaintiff's allegations against him in his official capacity should be dismissed, because plaintiff can not show that Hurst's alleged actions were the result of a governmental custom or policy, citing <u>Stauch v. City of</u>

---

[1] The remaining defendants in this action are Mike Hurst and Joshua King. By Order dated July 23, 2009, this Court granted defendant King's motion to stay an Evidentiary hearing, while he is on active duty with the United States Army. The Court ruled, however, that the stay would not apply to remaining defendant Hurst.

1

Columbia Heights, 212 F.3d 425 (8th Cir. 2000). In addition, defendant states plaintiff also does not provide evidence of a pattern of unconstitutional conduct sufficient to establish a custom, citing Parrish v. Luckie, 963 F.2d 201 (8th Cir. 1992).

With respect to plaintiff's allegations against him in his individual capacity, defendant Hurst states plaintiff can not show that he suffered from a serious medical need, can not show that defendant was deliberately indifferent to that need, and can not show that he was harmed by any delay in medical treatment. Defendant states plaintiff alleges that he was sprayed in the face with pepper spray, and was provided with Visine eye drops thereafter by a prison official. Defendant also states plaintiff later was told by a doctor that he had a non-emergency medical issue with his eye which should be checked when he was released from Jail (DE #111, Ex. F). Defendant states although plaintiff submitted grievances following the incident, the main purpose of the grievances was not medical in nature (in that plaintiff did not check the box on the form indicating a medical need), and involved plaintiff's complaint about defendant King's behavior (DE #111, Exs. C, D). Furthermore, defendant states plaintiff's medical complaints throughout his incarceration were allergy-related and not necessarily the result of the February 2008 incident. Finally defendant states that although plaintiff alleges he has been harmed by the incident and defendants' actions, he can not show that he has suffered any damages as a result of any delay in his treatment. Defendant also states he is protected from liability by qualified immunity, as he did not violate any of plaintiff's constitutional rights.

In his responses, plaintiff maintains defendant was deliberately indifferent to his medical needs because he endured unnecessary and wanton pain as a result of the pepper spray and the lack of adequate prompt medical attention. Plaintiff states his official capacity allegations against

defendant should not be dismissed because defendant failed to properly follow clearly-established county policies and customs. Plaintiff alleges he did not see a doctor until fifty-four days following the incident, and complains that the doctor's evaluation of him was inaccurate and that he wrongfully concluded that plaintiff's medical complications were not urgent. Plaintiff states defendant can not show that he received prompt and adequate medical treatment following the February 5, 2008 incident, which subjected him to serious and future harm.

In defendant's reply, he notes that plaintiff does not allege a wrongful county policy, but rather that defendant wrongfully failed to comply with the county policy, by not providing prompt and adequate medical care and treatment.

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, plaintiff was incarcerated at the Jail as a pretrial detainee, and therefore, his

3

allegations concerning unconstitutional conditions of confinement are analyzed under the due process clause of the Fifth and Fourteenth Amendments. Johnson-El v. Schoemehl, 878 F.2d 1043, 1048 (8th Cir. 1989). With respect to plaintiff's allegations against defendant of unconstitutional medical care and treatment, the courts apply the same standard as applied through the Eighth Amendment; that is, deliberate indifference to serious medical needs. See Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994).

However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 197 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997). In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995).

Initially, the Court notes that plaintiff's allegations against defendant in his official capacity must fail, because plaintiff does not allege an unconstitutional county policy or custom, or a pattern of unconstitutional conduct, as noted by defendant. Rather, plaintiff alleges defendant failed to follow the proper policies and customs.

With respect to plaintiff's allegations against defendant in his individual capacity, the Court

also finds plaintiff has failed to support his claim of deliberate indifference against defendant. Although plaintiff alleges a delay in medical care and treatment, it is clear from the doctor's notes of plaintiff's visit that plaintiff did not suffer from any serious medical need as a result of the February 2008 incident. In addition, plaintiff tries to explain away the doctor's conclusion, by disagreeing with it. As noted above, disagreement over medical treatment also does not support a claim. See Smith v. Marcantonio, supra. Plaintiff's allegations about his injuries are also very vague and he does not specifically state what type of injuries he suffered at the time of the incident, or what type of injuries he currently suffers. Even accepting as true plaintiff's allegations of failure to investigate and delay in medical treatment against defendant, his failure to show the seriousness of his injury and the consequences of any delay in treatment does not support a finding of a constitutional violation by defendant. Therefore, the Court finds as a matter of law that plaintiff has not set forth specific facts to show a genuine issue for trial, and that defendant's motion for summary judgment should be granted. Accordingly,

IT IS, THEREFORE, ORDERED that the motion for summary judgment filed by defendant Hurst (DE #110) is hereby GRANTED.

IT IS SO ORDERED this 22nd day of January, 2010.

_____
United States Magistrate Judge